IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

NATHANIEL CRUMP                                                                    PLAINTIFF

v.                                                          CIVIL ACTION # 2:08cv154-KS-MTP

MASONITE CORPORATION                                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motion for summary judgment [Doc. # 29] filed by the Defendant. Because the Plaintiff has failed to raise any genuine issue of material fact to support his claims of discrimination, the motion for summary judgment should be **granted**.

## I. FACTUAL BACKGROUND

Nathaniel Crump worked as a production operator at Masonite Corporation ("Masonite"). Crump began work at Masonite in 1994, and continued in the same job duties until he was terminated in 2006. Crump had no known history of disciplinary infractions and was a satisfactory employee.

Crump was involved in a workplace accident in 2002. Pursuant to company policy, each of the employees involved were tested for illegal drugs during the subsequent investigation. Crump tested positive for marijuana. After his drug test, Crump was required to complete a drug and alcohol rehabilitation program as a condition for keeping his employment. The same policy requires that if an employee tests positive on a second drug test, the employee is terminated. *See* Def.'s Ex. A [Doc. # 15] (Jan. 4, 2008). Crump completed the program and returned to work in

1

February of 2003.

Crump failed a second random drug test in December of 2006. Pursuant to company policy, Crump was terminated effective immediately. He was notified of the reasons for his dismissal and was escorted by his supervisor off company property. His removal from the premises occurred in the presence of his coworkers at the plant.

Although Crump admits he legitimately failed both drug tests, he alleges that he was fired because of his race and sex. Crump argues in his Complaint that Caucasian and female employees were permitted to reenter drug treatment and retain their jobs after they failed a drug test, but that he was terminated in lieu of reentering treatment. He argues that this disparate treatment occurred because he is a black male, and he seeks damages from Masonite for both gender and racial discrimination.

## II.  STANDARD OF REVIEW

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). To support a motion for summary judgment, "the moving party ... [has] the burden of showing the absence of a genuine issue as to any material fact." *Burleson v. Tex. Dept. of Criminal Justice,* 393 F.3d 577, 589 (5th Cir 2004). Material facts are those that "could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003) (citations omitted). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party" on that issue.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, the court views all evidence "in the light most favorable to the non-moving party" and "draw[s] all reasonable inferences in its favor." *Breen v. Texas A&M Univ.*, 485 F.3d 325, 331 (5th Cir. 2007). If the movant satisfies its initial burden, then the burden shifts back to the nonmoving party to produce evidence indicating that a genuine issue of material fact exists for each essential element of its case. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246-47 (5th Cir. 2003). The nonmovant is not entitled to merely rest on her pleadings, but must set forth "specific facts showing there is a genuine issue for trial." *DirecTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). If the nonmovant responds and still "no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni v. General Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). A motion for summary judgment cannot be granted simply because the opposing party has failed to respond. *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1995). The movant still carries the burden of establishing the absence of any genuine issue of material fact. *See Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995).

Title VII makes it unlawful "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race...[or] sex." *See* 42 U.S.C. § 2000e-2(a)(1). The Court's inquiry under Title VII asks "whether the defendant intentionally discriminated against the plaintiff." *Roberson v. Alltel Info. Services*, 373 F.3d 647, 651 (5th Cir. 2004). If an employee offers only circumstantial evidence to show discrimination, then the employee must first create a presumption of intentional discrimination by establishing a *prima facie* case. *Alvarado v. Texas Rangers*, 492 F.3d 605, 611

(5th Cir. 2007). If the employee is successful, the employer must then respond by articulating a legitimate, nondiscriminatory reason for its actions. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142, (2000).

To make out a *prima facie* case of discrimination, an employee must show that: (1) he is a member of a protected class; (2) he was qualified for the position he lost; (3) he suffered an adverse employment action; and (4) others similarly situated but outside the protected class were treated more favorably. *Willis v. Coca Cola Enters., Inc.*, 445 F.3d 413, 420 (5th Cir. 2006). The Fifth Circuit has held that "a plaintiff must establish all four elements of the case in order to prove that she was treated differently." *Scales v. Slater*, 181 F.3d 703, 709 (5th Cir. 1999).

### III. APPLICATION AND ANALYSIS

Crump has failed to raise a genuine issue of material fact sufficient to survive summary judgment because he has failed to establish a *prima facie* case of discrimination. Specifically, Crump has not created a fact issue as to whether Masonite's adverse employment decision was, even in part, motivated by discriminatory animus. And despite Crump's failure to produce any evidence of discrimination, Masonite has offered a legitimate, non-discriminatory reason for Crump's discharge, the facts of which Crump does not dispute.

During his deposition, Crump directly undermined the factual basis for each of his claims against Masonite. When asked directly whether he had "any reason to believe" that he was terminated from Masonite because of his sex, Crump responded by saying that "[n]o, I don't believe that, no." *See* Def's Br. at 4 [Doc. # 29] (July 1, 2008). Instead, Crump claimed he was

discriminated against because the company had "show[n] partiality toward another worker...Warren Nelson." *Id.* It is undisputed that Mr. Nelson, who is not a party to this action, is an African-American male that worked at Masonite for a time period that overlapped with Crump's employment. Even if Mr. Nelson were given additional opportunities to enter drug treatment, or received the favorable treatment that Crump alleges, that fact offers no support for Crump's claim that he was discriminated against because of his race or sex.[1]

The one identified example of unequal treatment from Crump's deposition comes from a single afternoon when Crump was working with two female coworkers. Crump alleges that on this particularly hot day, his African-American supervisor at Masonite permitted two female employees to cool off by a fan while Crump continued working. *See* Def's Br. at 8 [Doc. # 29] (July 1, 2008). Crump cites this as an example of the discrimination he suffered at Masonite, even though he fails to even allege that he was denied the break time based on his sex or race–he merely states that "these two are suspicious [sic] to my knowledge of something that was not going on correctly." *Id.* at 7. Even taking these statements in the light most favorable to the non-movant, they fail to allege the most basic elements of a claim for harassment based upon either race or sex. Simply put, Crump has failed to show that others outside of his protected class were treated more favorably than him, or that he was qualified for the position he lost because he repeatedly failed company drug tests.

Finally, Crump's claim for "outrage" finds no support in law or the facts he alleges. Although some employees might have impolitely joked with him regarding his termination, and

---

[1] Crump also stated that he did "not have any reason to believe that" he was discriminated against because of his race. *See* Def's Br. at 3 [Doc. # 29] (July 1, 2008).

he was admittedly escorted from the plant in front of his coworkers, no alleged conduct by Masonite rises anywhere near the level of being "atrocious and utterly intolerable in a civilized community" as alleged in the Plaintiff's Complaint. *See* Pl.'s Compl. ¶ 17 [Doc. # 1-2] (July 5, 2007).

## IV. CONCLUSION

Nathaniel Crump was terminated for his repeated failure to adhere to the Defendant's drug policy. Although Crump makes vague allegations of discrimination against his employer, his beliefs find no support in the evidence before the Court. Because Crump is unable to raise any genuine issue of material fact suitable for trial, the motion for summary judgment should be granted.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Defendant's motion for summary judgment [Doc. # 29] is **granted**.

SO ORDERED AND ADJUDGED on this, the 7th day of August, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE